## JOHN A. GRAHAM v. EMMETT D. CURRIER.[1]

January 13, 1922.

No. 22,604.

**Order against prosecuting action for unlawful detainer based on pleadings proper.**

Action to reform a contract for a deed and to restrain defendants from prosecuting an action for unlawful detainer pendente lite. *held*, that the trial court did not abuse its discretion in granting a restraining order based upon the pleadings.

Action in the district court for Hennepin county to reform a contract and to restrain defendants from prosecuting any action for restitution of the premises pendente lite. From an order, Waite, J., granting plaintiff's motion to restrain defendants from commencing any proceeding in unlawful detainer, either for restitution of the premises or to oust plaintiff therefrom, defendants appealed. Affirmed.

*Robert M. Works*, for appellants.

*Lawrence Severson* and *Thomas Kneeland*, for respondent.

QUINN, J.

This is an action brought to reform a contract for a deed and to restrain the defendants from prosecuting an action for unlawful detainer pendente lite. The trial court issued an order based upon the pleadings herein, restraining the defendants and each of them from commencing or prosecuting any proceeding in unlawful detainer for the restitution of the premises described in the complaint, or to oust the plaintiff therefrom during the pendency of this action. From such order this appeal was taken.

It is alleged in the complaint that defendants and plaintiff entered into a parol agreement, whereby the defendants were to sell and convey by deed of warranty to plaintiff the premises described therein at the agreed price of $3,500, payable as follows: $50 October 25, 1918; $50 January 25, 1919; $50 April 25, 1919; $50 July 25,

[1] Reported in 186 N. W. 229.

1919; $1,600 by assuming a mortgage thereon; $30 August 25, 1918, and $30 on the twenty-fifth day of each month thereafter until fully paid, with interest on all deferred payments at the rate of 6 per cent per annum payable monthly; that on August 22, 1918, the parties thereto caused said agreement to be reduced to writing, for the purpose of having a binding contract to correspond with the conditions of the parol agreement, but, by the mutual mistake of the parties thereto and the inadvertence of the scrivener, the written contract was not made to and does not express the intent or purpose of the parties thereto nor of the parol agreement in this, that the words "by deed of contract" where they appear in the granting clause of the instrument should read "by deed of warranty," and that where the written contract provides that the "Party of the second part, in consideration of the premises, hereby agrees to pay to the said parties of the first part, as and for the purchase price of said premises, the sum of $1,900, in manner and at times following, to-wit: $30 and interest per month beginning August 25, 1918, and $30 and interest on the 25th day of each month thereafter until fully paid, with interest at six per cent [per annum] payable monthly, subject to a first mortgage of $1,600 which the party of the second part assumes and agrees to pay. Fifty dollars additional due and payable October 25th, 1918, January 25, 1919, April 25, 1919, and July 25, 1919, respectively," it should read and provide for the payments as provided for in the parol agreement as set forth in the complaint herein.

The plaintiff alleges in his complaint that the purchase price of the house and lot in question was agreed upon at $3,500. There is no allegation in the answer to the contrary, except by way of general denial. From a reading of the contract as written, it clearly appears that it provides for the payment of $3,700 as the purchase price, viz.: $1,900 in monthly payments of $30 each commencing August 25, 1918, the date of the contract, with interest on all deferred payments at 6 per cent, payable monthly, the assumption of the mortgage of $1,600, and in addition it also provides for the payment of $200 in $50 instalments. If the allegations of the complaint are true, the contract should be reformed before the unlawful detainer

action is tried. Quimby v. Shearer, 56 Minn. 534, 58 N. W. 155. Before a notice of cancelation becomes effective the real agreement between the parties should be established; otherwise there would be no contract to cancel.

On March 26, 1921, defendants caused to be served on plaintiff notice of cancelation of the contract, claiming that plaintiff was in default in payments to the amount of $296. Plaintiff in the reply denies that he was in default at the time of the service of the notice. After the time limited in the notice of cancelation, defendant brought an action in unlawful detainer against the plaintiff in the municipal court. The answer herein admits that the scrivener, in drawing the contract for deed, erroneously inserted the word "contract" instead of "warranty," as alleged in the complaint, and that something over $1,100 had been paid upon the purchase price of the premises, but alleges that the written contract in all other respects conforms to the parol agreement. The granting of the restraining order was clearly within the discretion of the trial court and fully justified under the circumstances.

Affirmed.